MICHAEL J. GARCIA                                            **ECF CASE**
United States Attorney for the
Southern District of New York
By: SARAH E. LIGHT
Assistant United States Attorney
86 Chambers Street -- 3rd Floor
New York, New York 10007
Telephone: (212) 637-2774
Facsimile: (212) 637-2686
Email: sarah.light@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STATE OF NEW YORK, STATE OF ARIZONA,   :
STATE OF CALIFORNIA, STATE OF          :
CONNECTICUT, STATE OF ILLINOIS,        :
STATE OF MAINE, COMMONWEALTH OF        :
MASSACHUSETTS, STATE OF MINNESOTA,     :
STATE OF NEW HAMPSHIRE, STATE OF       :
NEW JERSEY, COMMONWEALTH OF            :
PENNSYLVANIA, DEPARTMENT OF            :
ENVIRONMENTAL PROTECTION, STATE        :
OF RHODE ISLAND,                       :
and STATE OF VERMONT,                  :
                                       :
                Plaintiffs,            :
                                       :
          v.                           :
                                       :        07 Civ. 10632 (BSJ) (DCF)
                                       :
STEPHEN L. JOHNSON, in his official capacity :
As Administrator of the U.S. Environmental :      **ANSWER TO**
Protection Agency, and the U.S.        :        **FIRST AMENDED COMPLAINT**
ENVIRONMENTAL PROTECTION AGENCY,       :
                                       :
                Defendants.            :
------------------------------------------------------------x


     Defendants Stephen L. Johnson and the United States Environmental Protection Agency

(collectively, "EPA"), by their attorney Michael J. Garcia, United States Attorney for the

Southern District of New York, answer the First Amended Complaint on information and belief as follows:

1.      The allegations contained in paragraph 1 of the Complaint contain plaintiffs' characterization of the nature of this action, to which no response is required.  To the extent a response is required, defendants deny the allegations contained therein.

2.      Neither admit nor deny the allegations contained in paragraph 2 of the Complaint, which contain plaintiffs' characterization of the Toxics Release Inventory ("TRI") program, and respectfully refer the Court to the Emergency Preparedness and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. §§ 11001-11050, the Pollution Prevention Act ("PPA"), 42 U.S.C. §§ 13101-13109, and 40 C.F.R. Part 372, which speak for themselves and are the best evidence of their contents.

3.      Neither admit nor deny the allegations contained in paragraph 3 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to EPCRA, 42 U.S.C. §§ 11001-11050, the PPA, 42 U.S.C. §§ 13101-13109, and 40 C.F.R. Part 372, which speak for themselves and are the best evidence of their contents.

4.      Neither admit nor deny the allegations contained in paragraph 4 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to EPCRA, 42 U.S.C. §§ 11001-11050, the PPA, 42 U.S.C. §§ 13101-13109, and 40 C.F.R. Part 372, which speak for themselves and are the best evidence of their contents.

5.      Admit the allegations contained in paragraph 5 of the Complaint that information reported to the TRI Program is made available to the public through an internet database.  Deny the remaining allegations in paragraph 5 of the Complaint, and respectfully refer the Court to www.epa.gov/triexplorer, which speaks for itself and is the best evidence of its contents.

6.    Neither admit nor deny the allegations contained in paragraph 6 of the Complaint, and respectfully refer the Court to U.S. Environmental Protection Agency, Office of Environmental Information, *Economic Analysis of the Toxics Release Inventory Phase 2 Burden Reduction Rule,* docket no. EPA-HQ-TRI-2005-0073-4988 through -4997, at 5-1 (Sept. 22, 2006) (hereinafter, *"Economic Analysis (Final Rule)"*) which speaks for itself and is the best evidence of its contents.

7.    Deny the allegations contained in paragraph 7 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to EPCRA, 42 U.S.C. §§ 11001-11050, the PPA, 42 U.S.C. §§ 13101-13109, and  40 C.F.R. Part 372, which speak for themselves and are the best evidence of their contents.  Aver that the purpose of the TRI program is to inform persons about releases of toxic chemicals to the environment; to assist governmental agencies, researchers, and other persons in the conduct of research and data gathering; to aid in the development of appropriate regulations, guidelines, and standards; and other similar purposes.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.    Admit the allegations contained in paragraph 9 of the Complaint.

10.    Neither admit nor deny the allegations contained in paragraph 10 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

11.    Neither admit nor deny the allegations contained in paragraph 11 of the Complaint, and respectfully refer the Court to U.S. Environmental Protection Agency, Office of Environmental Information, *How Are the Toxic Release Inventory Data Used? - government, business, academic and*

3  3

*citizen uses,* at 8, EPA-260-R-002-004 (May 2003), *available at* New York Attorney General, *et. al.,* Appendix of Sources Cited in the Comments on the TRI Burden Reduction Proposed Rule, Vol. 1, docket no. EPA-HQ-TRI-2005-0073-4553.1 (Jan. 12, 2006), Tab 3 at 8 (document submitted to EPA and available in rulemaking record at EPA headquarters but not added to internet docket database), which speaks for itself and is the best evidence of its contents.

12.    Neither admit nor deny the allegations contained in paragraph 12 of the Complaint, and respectfully refer the Court to U.S. Environmental Protection Agency, Office of Environmental Information, *Response to Comments: Toxics Release Inventory Phase 2 Burden Reduction Rule,* docket no. EPA-HQ-TRI-2005-0073-5008, at 14 (Dec. 18, 2006) (hereinafter, *"Response to Comments")* which speaks for itself and is the best evidence of its contents.

13.    Deny the allegations contained in paragraph 13 of the Complaint, except admit that EPA promulgated the *Toxics Release Inventory Burden Reduction Final Rule,* 71 Fed. Reg. 76932 (Dec. 22, 2006) (the "Final Rule" or the "2006 Regulations"), and respectfully refer the Court to the cited regulation which speaks for itself and is the best evidence of its contents.

14.    The allegations in paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 14 of the Complaint.

15.    The allegations in paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 15 of the Complaint.

16.    The allegations in paragraph 16 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in

paragraph 16 of the Complaint, and respectfully refer the Court to the Final Rule, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

17.    The allegations in paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 17 of the Complaint.

18.    The allegations in paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 18 of the Complaint, and respectfully refer the Court to the Final Rule, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

19.    Neither admit nor deny the allegations contained in paragraph 19 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to *Persistent Bioaccumulative Toxic (PBT) Chemicals; Final Rule,* 64 Fed. Reg. 58666, 58729/2-3 (Oct. 29, 1999) (the "PBT Regulation"), and the administrative record which speak for themselves and are the best evidence of their contents.

20.    Neither admit nor deny the allegations contained in paragraph 20 of the Complaint, and respectfully refer the Court to the PBT Regulation, which speaks for itself and is the best evidence of its contents.

21.    Neither admit nor deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

22.    Neither admit nor deny the allegations contained in paragraph 22 of the Complaint, and respectfully refer the Court to PBT Regulation which speaks for itself and is the best evidence of its contents.

23.    Deny the allegations contained in paragraph 23 of the Complaint, and respectfully refer the Court to the Final Rule, which speaks for itself and is the best evidence of its contents.

24.    Deny the allegations in paragraph 24 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 25 of the Complaint.

26.    Neither admit nor deny the allegations contained in paragraph 26 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932 which speaks for itself and is the best evidence of its contents.

27.    The allegations in paragraph 27 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations contained in paragraph 27 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

28.    The allegations in paragraph 28 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 28 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

29.    Neither admit nor deny the allegations in paragraph 29 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

30.     The allegations in paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 30 of the Complaint.

31.     Neither admit nor deny the allegations in paragraph 31 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, which speaks for itself and is the best evidence of its contents.

32.     The allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 32 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

33.     The allegations in paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 33 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

34.     The allegations in paragraph 34 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 30 of the Complaint.

35.     The allegations in paragraph 35 of the Complaint constitute plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, defendants deny that plaintiffs are entitled to the relief requested.

<u>THE PARTIES</u>

7

36.     The allegations in paragraph 36 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 36 of the Complaint, except admits that the State of New York is a State.

37.     The allegations in paragraph 37 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 37 of the Complaint, except admits that the State of Arizona is a State.

38.     The allegations in paragraph 38 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 38 of the Complaint, except admits that the State of California is a State.

39.     The allegations in paragraph 39 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 39 of the Complaint, except admits that the State of Connecticut is a State.

40.     The allegations in paragraph 40 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 40 of the Complaint, except admits that the State of Illinois is a State.

41.     The allegations in paragraph 41 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant

denies the allegations in paragraph 41 of the Complaint, except admits that the State of Maine is a State.

42.    The allegations in paragraph 42 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 42 of the Complaint, except admits that the Commonwealth of Massachusetts is a State.

43.    The allegations in paragraph 43 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 43 of the Complaint, except admits that the State of Minnesota is a State.

44.    The allegations in paragraph 44 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 44 of the Complaint, except admits that the State of New Hampshire is a State.

45.    The allegations in paragraph 45 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 45 of the Complaint, except admits that the State of New Jersey is a State.

46.    The allegations in paragraph 46 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 46 of the Complaint, except admits that the Department of Environmental Protection is an agency of the Commonwealth of Pennsylvania.

47.    The allegations in paragraph 47 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 47 of the Complaint, except admits that the State of Rhode Island is a State.

48.    The allegations in paragraph 48 of the Complaint constitute plaintiffs' characterization of this action to which no response is required.  To the extent a response is required, defendant denies the allegations in paragraph 48 of the Complaint, except admits that the State of Vermont is a State.

49.    Admit the allegation in the first sentence of paragraph 49 of the Complaint that Stephen L. Johnson is the Administrator of the EPA, and avers that Johnson has held that position in either an acting or official basis since January 28, 2005.  Admit the allegation in the second sentence of paragraph 49 of the Complaint that as Administrator, Johnson has authority under 42 U.S.C. § 11023.  Deny the remaining allegations in paragraph 49 of the Complaint.

50.    Admit the allegations in paragraph 50 of the Complaint that the U.S. Environmental Protection Agency is an agency of the United States, and that the head of the EPA is the Administrator.

<u>JURISDICTION AND VENUE</u>

51.    The allegations contained in paragraph 51 of the Complaint contain plaintiffs' allegations regarding jurisdiction, to which no response is required.  To the extent that a response is required, defendants admit the allegations in paragraph 51 of the Complaint.

52.    The allegations contained in paragraph 52 of the Complaint contain plaintiffs' allegations regarding venue, to which no response is required.  To the extent that a response is required, defendants admit the allegations in paragraph 52 of the Complaint.

BACKGROUND

53.      Neither admit nor deny the allegations in paragraph 53 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

54.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55.      Admit the allegations in paragraph 55 of the Complaint.

56.      Neither admit nor deny the allegations in paragraph 56 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

57.      Neither admit nor deny the allegations in paragraph 57 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

58.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59.      Neither admit nor deny the allegations in paragraph 59 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

60.      Neither admit nor deny the allegations in paragraph 60 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

61.     Neither admit nor deny the allegations in paragraph 61 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63.     Neither admit nor deny the allegations in paragraph 63 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Neither admit nor deny the allegations in paragraph 69 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.    Neither admit nor deny the allegations in paragraph 72 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

73.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.    Neither admit nor deny the allegations in paragraph 75 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

76.    Neither admit nor deny the allegations in paragraph 76 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

77.    Neither admit nor deny the allegations in paragraph 77 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

78.    Admit that the federal government uses TRI data.  Neither admit nor deny the remaining allegations in paragraph 78 of the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

13

79.     Admit the allegations in paragraph 79 of the Complaint, and respectfully refer the Court to the administrative record and www.epa.gov/tri/guide_docs/2003_datausepaper.pdf which speaks for itself and is the best evidence of its contents.

80.     Admit the allegations in paragraph 80 of the Complaint that EPA Office of Enforcement and Compliance Assistance has used TRI data as part of its Online Tracking Information System. Deny the remaining allegations in paragraph 80 of the Complaint and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and respectfully refer the Court to the website cited therein.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

<u>GENERAL STATUTORY AUTHORITY FOR TRI REPORTING</u>

83.     Neither admit nor deny the allegations in paragraph 83 of the Complaint, and respectfully refer the Court to the statutory sections cited therein which speak for themselves and are the best evidence of their contents.

84.     Neither admit nor deny the allegations in paragraph 84 of the Complaint, and respectfully refer the Court to the statutory sections cited therein which speak for themselves and are the best evidence of their contents.

85.     Neither admit nor deny the allegations in paragraph 85 of the Complaint, and respectfully refer the Court to the statutory sections cited therein, *Addition of Certain Chemicals; Toxic Chemical Release Reporting; Community Right-to-Know; Final Rule*, 59 Fed. Reg. 61432 (Nov.

30, 1994) ("1994 Regulation"), and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

86.     Neither admit nor deny the allegations in paragraph 86 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

87.     Neither admit nor deny the allegations in paragraph 87 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and  40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

88.     Admit the allegation in paragraph 88 of the Complaint that in 1988 EPA promulgated *Toxic Chemical Release Reporting; Community Right-to-Know*, 53 Fed. Reg. 4500 (Feb. 16, 1988) ("1988 Regulation"), and respectfully refer the Court to the 1988 Regulation and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

89.     Neither admit nor deny the allegations in paragraph 89 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

90.     Neither admit nor deny the allegations in paragraph 90 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

91.     Neither admit nor deny the allegations in paragraph 91 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

92.     The allegations in paragraph 92 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 92

of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

<u>FORM R</u>

93.    Neither admit nor deny the allegations in paragraph 93 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and 40 C.F.R. Part 372, including 40 C.F.R. § 372.85(a), which speak for themselves and are the best evidence of their contents.

94.    Neither admit nor deny the allegations in paragraph 94 of the Complaint, and respectfully refer the Court to EPCRA, the PPA, the Final Rule, 71 Fed. Reg. 76932, and 40 C.F.R. Part 372, including 40 C.F.R. § 372.85(a), which speak for themselves and are the best evidence of their contents.

95.    Neither admit nor deny the allegations in paragraph 95 of the Complaint, and respectfully refer the Court to EPCRA, the PPA, the Final Rule, 71 Fed. Reg. 76932, and 40 C.F.R. Part 372, including 40 C.F.R. § 372.85(a), which speak for themselves and are the best evidence of their contents.

96.    Neither admit nor deny the allegations in paragraph 96 of the Complaint, and respectfully refer the Court to EPCRA, the PPA, the Final Rule, 71 Fed. Reg. 76932, and 40 C.F.R. Part 372, including 40 C.F.R. § 372.85(a), which speak for themselves and are the best evidence of their contents.

<u>THE 1994 REGULATIONS AND FORM A CERTIFICATIONS</u>

97.    Neither admit nor deny the allegations in paragraph 97 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. §372.27,

16

as well as the administrative record, which speak for themselves and are the best evidence of their contents.

98.    Admit the allegation in paragraph 98 of the Complaint that in November 1994 EPA promulgated *Alternate Threshold for Facilities with Low Annual Reportable Amounts; Toxic Chemical Release Reporting; Community Right-to-Know*, 59 Fed. Reg. 61488 (Nov. 30, 1994) ("1994 Regulation"), and respectfully refer the Court to the 1994 Regulation and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

99.    Neither admit nor deny the allegations in paragraph 99 of the Complaint, and respectfully refer the Court the 1994 Regulation which speaks for itself and is the best evidence of its contents.

100.    Neither admit nor deny the allegations in paragraph 100 of the Complaint, and respectfully refer the Court the 1994 Regulation which speaks for itself and is the best evidence of its contents.

101.    Neither admit nor deny the allegations in paragraph 101 of the Complaint, and respectfully refer the Court the 1994 Regulation which speaks for itself and is the best evidence of its contents.

102.    Neither admit nor deny the allegations in paragraph 102 of the Complaint, and respectfully refer the Court the 1994 Regulation which speaks for itself and is the best evidence of its contents.

103.    The allegations in paragraph 103 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 103 of the Complaint, and respectfully refer the Court to EPCRA, the PPA, the 1994 Regulation, and 40 C.F.R. §372.27 which speak for themselves and are the best evidence of their contents.

104.     The allegations in paragraph 104 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, deny the allegations in paragraph 104 of the Complaint, and respectfully refer the Court to EPCRA, the PPA, the 1994 Regulation, and 40 C.F.R. §372.27 which speak for themselves and are the best evidence of their contents.

<u>THE 1999 PBT REGULATIONS AND THE 2001 LEAD REGULATIONS</u>

105.     Admit the allegation in paragraph 105 of the Complaint that in 1999 EPA promulgated the PBT Regulation and respectfully refer the Court to the PBT Regulation and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

106.     Neither admit nor deny the allegations in paragraph 106 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

107.     Neither admit nor deny the allegations in paragraph 107 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

108.     Neither admit nor deny the allegations in paragraph 108 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

109.     Neither admit nor deny the allegations in paragraph 109 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

110.     Neither admit nor deny the allegations in paragraph 110 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

18

111.    Neither admit nor deny the allegations in paragraph 111 of the Complaint, and respectfully refer the Court to the PBT Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

112.    Admit the allegation in paragraph 112 of the Complaint that in 2001 EPA promulgated *Lead and Lead Compounds: Lowering of Reporting Thresholds; Community Right-to-Know Toxic Chemical Release Reporting; Final Rule*, 66 Fed. Reg. 4500 (Jan. 17, 2001) ("2001 Lead Regulation").  Deny the remaining allegations in paragraph 112 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

113.    Neither admit nor deny the allegations in paragraph 113 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

114.    Neither admit nor deny the allegations in paragraph 114 of the Complaint, and respectfully refer the Court to the 1988 Regulation, the 1994 Regulation, the PBT Regulation, the 2001 Lead Regulation, and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

THE 2006 REGULATIONS AT ISSUE IN THIS LITIGATION

115.    Admit the allegation in paragraph 115 of the Complaint that in October 2005, EPA published *Toxics Release Inventory Burden Reduction Proposed Rule*, 70 Fed. Reg. 578822/2 (Oct. 4, 2005) ("Proposed Rule"), and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

116.    Neither admit nor deny the allegations in paragraph 116 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

117.    Neither admit nor deny the allegations in paragraph 117 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

118.    Neither admit nor deny the allegations in paragraph 118 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

119.    Neither admit nor deny the allegations in paragraph 119 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

120.    Neither admit nor deny the allegations in paragraph 120 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

121.    Admit the allegation in paragraph 121 of the Complaint.

122.    Admit the allegations in paragraph 122 of the Complaint that it received numerous comments on the Proposed Rule.  Deny the remaining allegations in paragraph 122 of the Complaint, and respectfully refer the Court to comments contained in the administrative record which speak for themselves and are the best evidence of their contents.

123.    Admit the allegations in paragraph 123 of the Complaint that EPA prepared responses to comments received on the Proposed Rule.  Deny the remaining allegations in paragraph 123 of

the Complaint, and respectfully refer the Court to the administrative record which speaks for itself and is the best evidence of its contents.

124.     Admit the allegation in paragraph 124 of the Complaint that on December 22, 2006, EPA promulgated the *Toxics Release Inventory Burden Reduction Final Rule*, 71 Fed. Reg. 76932 (Dec. 22, 2006) ("Final Rule"), and respectfully refer the Court to the Final Rule and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

125.     Neither admit nor deny the allegations in paragraph 125 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

126.     Neither admit nor deny the allegations in paragraph 126 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

127.     Neither admit nor deny the allegations in paragraph 127 of the Complaint, and respectfully refer the Court to the Final Rule and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

128.     Neither admit nor deny the allegations in paragraph 128 of the Complaint, and respectfully refer the Court to the Final Rule and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

129.     Neither admit nor deny the allegations in paragraph 129 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule and 40 C.F.R. § 372.27 which speak for themselves and are the best evidence of their contents.

130.    Neither admit nor deny the allegations in paragraph 130 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule and 40 C.F.R. § 372.95 which speak for themselves and are the best evidence of their contents.

131.    Admit the allegation in paragraph 131 of the Complaint, and respectfully refer the Court to the administrative record, including *Economic Analysis (Final Rule)*, which speak for themselves and are the best evidence of their contents.

132.    Admit the allegation in paragraph 132 of the Complaint.

133.    Neither admit nor deny the allegations in paragraph 133 of the Complaint, and respectfully refer the Court to the Final Rule, the administrative record and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

134.    Admit the allegations in paragraph 134 of the Complaint that the first TRI reports for the reporting year 2006 subject to the Final Rule were due on or before July 1, 2007.

THE PLAINTIFF STATES' STANDING

135.    Deny the allegations in paragraph 135 of the Complaint.

136.    Neither admit nor deny the allegations in paragraph 136 of the Complaint, and respectfully refer the Court to the statutory sections cited therein and 40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

137.    Neither admit nor deny the allegations in paragraph 137 of the Complaint, and respectfully refer the Court the responses to Paragraphs 59-62, 64-66, and 68 above.

138.    Neither admit nor deny the allegations in paragraph 138 of the Complaint, and respectfully refer the Court the responses to Paragraphs 63 and 67 above.

139.    Deny the allegations in paragraph 139 of the Complaint.

140.    Deny the allegations in paragraph 140 of the Complaint.

141.    Deny the allegations in paragraph 141 of the Complaint.

FIRST CLAIM FOR RELIEF

142.    Defendants incorporate by reference the responses contained in paragraphs 1-141 of this Answer.

143.    Deny the allegations in paragraph 143 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

144.    Neither admit nor deny the allegations in paragraph 144 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

145.    The allegations in paragraph 145 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 145 of the Complaint.

146.    Neither admit nor deny the allegations in paragraph 146 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

147.    The allegations in paragraph 147 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 147 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

148.    Neither admit nor deny the allegations in paragraph 148 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

149.    The allegations in paragraph 149 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 149 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

150.    Deny the allegations in paragraph 150 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

151.    Neither admit nor deny the allegations in paragraph 151 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

152.    Defendants deny the allegations in paragraph 152 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

153.    The allegations in paragraph 153 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 153 of the Complaint.

154.    The allegations in paragraph 154 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 154 of the Complaint.

155.    The allegations in paragraph 155 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 155 of the Complaint.

156.    The allegations in paragraph 156 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 156 of the Complaint.

157.     Deny the allegations in paragraph 157 of the Complaint.

158.    The allegations in paragraph 158 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 158 of the Complaint.

<u>SECOND CLAIM FOR RELIEF</u>

159.    Defendants incorporate by reference the responses contained in paragraphs 1-158 of this Answer.

160.    The allegations in paragraph 160 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 160 of the Complaint.

161.    Neither admit nor deny the allegations in paragraph 161 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

162.    Neither admit nor deny the allegations in paragraph 162 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

163.    Neither admit nor deny the allegations in paragraph 163 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

164.    Neither admit nor deny the allegations in paragraph 164 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

165.    The allegations in paragraph 165 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 165 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

166.    Neither admit nor deny the allegations in paragraph 166 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

167.    The allegations in paragraph 167 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 167 of the Complaint.

168.    Admit the allegations in the first sentence of paragraph 168 of the Complaint that toluene-2,6-diisocyanate ("2,6-TDI") is a non-PBT chemical.  Neither admit nor deny the allegations in the second sentence of paragraph 168 of the Complaint, and respectfully refer the Court to the article cited therein which speaks for itself and is the best evidence of its contents.

169.    Neither admit nor deny the allegations in paragraph 169 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 of the Complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

172.    Neither admit nor deny the allegations in paragraph 172 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

173.    The allegations in paragraph 173 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 173 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the

27

Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

174.    Neither admit nor deny the allegations in paragraph 174 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

175.    Neither admit nor deny the allegations in paragraph 175 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

176.    The allegations in paragraph 176 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 176 of the Complaint.

177.    Deny the allegations in paragraph 177 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

178.    Neither admit nor deny the allegations in paragraph 178 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

179.    Neither admit nor deny the allegations in paragraph 179 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well

as the administrative record, which speak for themselves and are the best evidence of their contents.

180.    The allegations in paragraph 180 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 180 of the Complaint.

181.    Deny the allegations in paragraph 181 of the Complaint.

182.    Deny the allegations in paragraph 182 of the Complaint.

183.    The allegations in paragraph 183 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 182 of the Complaint.

184.    Deny the allegations in paragraph 184 of the Complaint.

185.    The allegations in paragraph 185 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 185 of the Complaint.

THIRD CLAIM FOR RELIEF

186.    Defendants incorporate by reference the responses contained in paragraphs 1-185 of this Answer.

187.    Neither admit nor deny the allegations in paragraph 187 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

188.    Neither admit nor deny the allegations in paragraph 188 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

189.    Neither admit nor deny the allegations in paragraph 189 of the Complaint, and respectfully refer the Court to the PPA which speaks for itself and is the best evidence of its contents.

190.    Deny the allegations in paragraph 190 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. Part 372, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

191.    Neither admit nor deny the allegations in paragraph 191 of the Complaint, and respectfully refer the Court to the 1994 Regulations, Form A and Form R, which speak for themselves and are the best evidence of their contents.

192.    Deny the allegations in paragraph 192 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. Part 372, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

193.    Deny the allegations in paragraph 193 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. Part 372, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except admit that Form A filers are subject to Section 313 of EPCRA.

194.    Deny the allegations in paragraph 194 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

195.    Deny the allegations in paragraph 195 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

196.    Deny the allegations in paragraph 196 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

197.    Neither admit nor deny the allegations in paragraph 197 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, and aver that toluene-2,6-diisocyanate ("2,6-TDI") is a non-PBT chemical.

198.    Neither admit nor deny the allegations in paragraph 198 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that EPA calculated a "reporting loss."

199.    Deny the allegations in paragraph 199 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 of the Complaint, respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding "reporting loss."

201.    The allegations in paragraph 201 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 201 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. Part 372, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

202.    The allegations in paragraph 202 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 202 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. Part 372, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

203.    The allegations in paragraph 203 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 203 of the Complaint.

204.    Deny the allegations in paragraph 204 of the Complaint.

205.    The allegations in paragraph 205 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 205 of the Complaint.

<u>FOURTH CLAIM FOR RELIEF</u>

206.    Defendants incorporate by reference the responses contained in paragraphs 1-205 of this Answer.

207.    The allegations in paragraph 207 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 207 of the Complaint.

208.    Neither admit nor deny the allegations in paragraph 208 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

209.    Neither admit nor deny the allegations in paragraph 209 of the Complaint , and respectfully refer the Court to the administrative record, which speaks for itself and is the best

evidence of its contents, except deny that any reporting loss occurred, and deny knowledge or information sufficient to form a belief as to the reason why the commenters raised this point.

210.    The allegations in paragraph 210 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 210 of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211 of the Complaint, respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny that any reporting loss occurred.

212.    The allegations in paragraph 212 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 212 of the Complaint.

213.    Deny the allegations in paragraph 213 of the Complaint, respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

214.    The allegations in paragraph 214 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 214 of the Complaint.

215.    Neither admit nor deny the allegations in paragraph 215 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

216.    Neither admit nor deny the allegations in paragraph 216 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

217.    Neither admit nor deny the allegations in paragraph 217 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

218.    Neither admit nor deny the allegations in paragraph 218 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

219.    Neither admit nor deny the allegations in paragraph 219 of the Complaint and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

220.    Neither admit nor deny the allegations in paragraph 220 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

221.    Deny the allegations in paragraph 221 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

222.    Neither admit nor deny the allegations in paragraph 222 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

223.    Neither admit nor deny the allegations in paragraph 223 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

224.    Deny the allegations in paragraph 224 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

225.    Deny the allegations in paragraph 225 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

226.    Neither admit nor deny the allegations in paragraph 226 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

227.    Neither admit nor deny the allegations in paragraph 227 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

228.    Neither admit nor deny the allegations in paragraph 228 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents, except deny that any reporting loss occurred.

229.    Deny the allegations in paragraph 229 of the Complaint.

230.    Deny the allegations in paragraph 230 of the Complaint.

231.    Deny the allegations in paragraph 231 of the Complaint.

232.    Deny the allegations in paragraph 232 of the Complaint.

233.    The allegations in paragraph 233 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 233 of the Complaint.

234.    Deny the allegations in paragraph 234 of the Complaint.

235.    The allegations in paragraph 235 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 235 of the Complaint.

FIFTH CLAIM FOR RELIEF

236.    Defendants incorporate by reference the responses contained in paragraphs 1-235 of this Answer.

237.    The allegations in paragraph 237 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations in paragraph 237 of the Complaint.

238.    Admit the allegations in paragraph 238 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

239.    Neither admit nor deny the allegations in paragraph 239 of the Complaint, and respectfully refer the Court to EPCRA, which speaks for itself and is the best evidence of its contents.

240.    Neither admit nor deny the allegations in paragraph 240 of the Complaint, and respectfully refer the Court to *Lead and Lead Compounds: Lowering of Reporting Thresholds; Community Right-to-Know Toxic Chemical Release Reporting; Final Rule*, 66 Fed. Reg. 4500 (Jan. 17, 2001), which speaks for itself and is the best evidence of its contents.

241.    Neither admit nor deny the allegations in paragraph 241 of the Complaint, and respectfully refer the Court to the PBT Regulation, which speaks for itself and is the best evidence of its contents.

242.     Neither admit nor deny the allegations in paragraph 242 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

243.     Neither admit nor deny the allegations in paragraph 243 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

244.     Neither admit nor deny the allegations in paragraph 244 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

245.     Neither admit nor deny the allegations in paragraph 245 of the Complaint, and respectfully refer the Court to the administrative record, which speaks for itself and is the best evidence of its contents.

246.     Deny the allegations in paragraph 246 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

247.     Admit that mercury is eligible for alternate reporting thresholds in the 2006 Final Rule, deny the remaining allegations in paragraph 247 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

248.     Neither admit nor deny the allegations in paragraph 248 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

249.    Neither admit nor deny the allegations in paragraph 249 of the Complaint, and respectfully refer the Court to the EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, the PBT Regulation and the administrative record, which speak for themselves and are the best evidence of their contents.

250.    Neither admit nor deny the allegations in paragraph 250 of the Complaint, and respectfully refer the Court to the EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, the PBT Regulation and the administrative record, which speak for themselves and are the best evidence of their contents.

251.    Neither admit nor deny the allegations in paragraph 251 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

252.    Neither admit nor deny the allegations in paragraph 252 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

253.    Neither admit nor deny the allegations in paragraph 253 of the Complaint, and respectfully refer the Court to the Final Rule, the Proposed Rule, and the administrative record, which speak for themselves and are the best evidence of their contents.

254.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

255.    Neither admit nor deny the allegations in paragraph 255 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

256.    Neither admit nor deny the allegations in paragraph 256 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

257.    Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 257 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

258.    Neither admit nor deny the allegations in paragraph 258 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

259.    Neither admit nor deny the allegations in paragraph 259 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

260.    Neither admit nor deny the allegations in paragraph 260 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

261.    Neither admit nor deny the allegations in paragraph 261 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

262.    Neither admit nor deny the allegations in paragraph 262 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

263.    Deny the allegations in paragraph 263 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

264.    Deny the allegations in paragraph 264 of the Complaint.

265.    Deny the allegations in paragraph 265 of the Complaint.

266.    Deny the allegations in paragraph 266 of the Complaint.

267.    The allegations in paragraph 267 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 267 of the Complaint.

<u>SIXTH CLAIM FOR RELIEF</u>

268.    Defendants incorporate by reference the responses contained in paragraphs 1-267 of this Answer.

269.    The allegations in paragraph 269 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 269 of the Complaint.

270.    Neither admit nor deny the allegations in paragraph 270 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

271.    Neither admit nor deny the allegations in paragraph 271 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

272.    Neither admit nor deny the allegations in paragraph 272 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

273.    Neither admit nor deny the allegations in paragraph 273 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

274.    Neither admit nor deny the allegations in paragraph 274 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record, which speak for themselves and are the best evidence of their contents.

275.    The allegations in paragraph 275 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 275 of the Complaint.

276.    The allegations in paragraph 276 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 276 of the Complaint, and respectfully refer the Court to EPCRA, the PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

277.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277 of the Complaint, and respectfully refer the Court to EPCRA, the

PPA and the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

278.    The allegations in paragraph 278 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 278 of the Complaint.

279.    Deny the allegations in paragraph 279 of the Complaint.

280.    Deny the allegations in paragraph 280 of the Complaint.

281.    The allegations in paragraph 281 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 281 of the Complaint.

282.    Deny the allegations in paragraph 282 of the Complaint.

283.    The allegations in paragraph 283 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 283 of the Complaint.

<u>SEVENTH CLAIM FOR RELIEF</u>

284.    Defendants incorporate by reference the responses contained in paragraphs 1-283 of this Answer.

285.    The allegations in paragraph 285 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 285 of the Complaint.

286.    Neither admit nor deny the allegations in paragraph 286 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

287.    Neither admit nor deny the allegations in paragraph 287 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

288.    Neither admit nor deny the allegations in paragraph 288 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

289.    Neither admit nor deny the allegations in paragraph 289 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation which speaks for itself and is the best evidence of its contents.

290.    Neither admit nor deny the allegations in paragraph 290 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

291.    Neither admit nor deny the allegations in paragraph 291 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

292.    Neither admit nor deny the allegations in paragraph 292 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

293.    Neither admit nor deny the allegations in paragraph 293 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

294.    Deny the allegations in paragraph 294 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

295.    Neither admit nor deny the allegations in paragraph 295 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

296.    Neither admit nor deny the allegations in paragraph 296 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

297.    Neither admit nor deny the allegations in paragraph 297 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

298.    Deny the allegations in paragraph 298 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

299.    Deny the allegations in paragraph 299 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

300.    Deny the allegations in paragraph 300 of the Complaint.

301.    Deny the allegations in paragraph 301 of the Complaint.

302.    The allegations in paragraph 302 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 302 of the Complaint.

303.    Deny the allegations in paragraph 303 of the Complaint.

304.    The allegations in paragraph 304 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 304 of the Complaint.

### EIGHTH CLAIM FOR RELIEF

305.    Defendants incorporate by reference the responses contained in paragraphs 1-304 of this Answer.

306.    The allegations in paragraph 306 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 306 of the Complaint.

307.    Neither admit nor deny the allegations in paragraph 307 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny that there was a reduction in reporting.

308.    Neither admit nor deny the allegations in paragraph 308 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny that there were losses in reporting.

309.    Neither admit nor deny the allegations in paragraph 309 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

310.    Deny the allegations in paragraph 310 of the Complaint.

311.    Deny the allegations in paragraph 311 of the Complaint.

312.     The allegations in paragraph 312 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 312 of the Complaint.

313.     Deny the allegations in paragraph 313 of the Complaint.

314.     The allegations in paragraph 314 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 314 of the Complaint.

<u>NINTH CLAIM FOR RELIEF</u>

315.     Defendants incorporate by reference the responses contained in paragraphs 1-314 of this Answer.

316.     The allegations in paragraph 316 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 316 of the Complaint.

317.     Neither admit nor deny the allegations in paragraph 317 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

318.     Neither admit nor deny the allegations in paragraph 318 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

319.     Neither admit nor deny the allegations in paragraph 319 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative

record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

320.    Neither admit nor deny the allegations in paragraph 320 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

321.    Deny the allegations in paragraph 321 of the Complaint.

322.    Neither admit nor deny the allegations in paragraph 322 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

323.    Neither admit nor deny the allegations in paragraph 323 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

324.    Neither admit nor deny the allegations in paragraph 324 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except deny the allegations regarding reporting loss.

325.    Deny the allegations in paragraph 325 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

326.    Deny the allegations in paragraph 326 of the Complaint, and respectfully refer the Court

to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record,

which speak for themselves and are the best evidence of their contents.

327.    Deny the allegations in paragraph 327 of the Complaint.

328.    Deny the allegations in paragraph 328 of the Complaint.

329.    The allegations in paragraph 329 of the Complaint constitute legal conclusions to which

no response is required.  To the extent a response is required, defendants deny the allegations in

paragraph 329 of the Complaint.

330.    Deny the allegations in paragraph 330 of the Complaint.

331.    The allegations in paragraph 331 of the Complaint constitute legal conclusions to which

no response is required.  To the extent a response is required, defendants deny the allegations in

paragraph 331 of the Complaint.

<u>TENTH CLAIM FOR RELIEF</u>

332.    Defendants incorporate by reference the responses contained in paragraphs 1-331 of this

Answer.

333.    The allegations in paragraph 333 of the Complaint constitute legal conclusions to which

no response is required.  To the extent a response is required, defendants deny the allegations in

paragraph 333 of the Complaint.

334.    Neither admit nor deny the allegations in paragraph 334 of the Complaint, and

respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative

record, which speak for themselves and are the best evidence of their contents.

335.    Neither admit nor deny the allegations in paragraph 335 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

336.    Neither admit nor deny the allegations in paragraph 336 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

337.    Neither admit nor deny the allegations in paragraph 337 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation which speaks for itself and is the best evidence of its contents.

338.    Neither admit nor deny the allegations in paragraph 338 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

339.    Neither admit nor deny the allegations in paragraph 339 of the Complaint, and respectfully refer the Court to the Congressional Record cited therein which speaks for itself and is the best evidence of its contents.

340.    Neither admit nor deny the allegations in paragraph 340 of the Complaint, and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

341.    The allegations in paragraph 341 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 341 of the Complaint.

342.    Deny the allegations in paragraph 342 of the Complaint, and respectfully refers the Court to the Proposed Rule and the Final Rule which speak for themselves and are the best evidence of their contents.

343.    Neither admit nor deny the allegations in paragraph 343 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

344.    Neither admit nor deny the allegations in paragraph 344 of the Complaint, and respectfully refer the Court to the PBT Regulation which speaks for itself and is the best evidence of its contents.

345.    Deny the allegations in paragraph 345 of the Complaint, and respectfully refer the Court to the Final Rule and the administrative record which speak for themselves and are the best evidence of their contents.

346.    Deny the allegations in paragraph 346 of the Complaint.

347.    Deny the allegations in paragraph 347 of the Complaint.

348.    Deny the allegations in paragraph 348 of the Complaint.

349.    The allegations in paragraph 349 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 349 of the Complaint.

350.    Deny the allegations in paragraph 350 of the Complaint.

351.    The allegations in paragraph 351 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 351 of the Complaint.

<u>ELEVENTH CLAIM FOR RELIEF</u>

352.    Defendants incorporate by reference the responses contained in paragraphs 1-351 of this Answer.

353.    The allegations in paragraph 353 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 353 of the Complaint.

354.    Neither admit nor deny the allegations in paragraph 354 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

355.    Neither admit nor deny the allegations in paragraph 355 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

356.    Neither admit nor deny the allegations in paragraph 356 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

357.    Neither admit nor deny the allegations in paragraph 357 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

358.    Neither admit nor deny the allegations in paragraph 358 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

359.    Neither admit nor deny the allegations in paragraph 359 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

360.     Neither admit nor deny the allegations in paragraph 360 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

361.     Neither admit nor deny the allegations in paragraph 361 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

362.     Neither admit nor deny the allegations in paragraph 362 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

363.     Deny the allegations in paragraph 363 of the Complaint.

364.     Neither admit nor deny the allegations in paragraph 364 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

365.     Deny the allegations in paragraph 365 of the Complaint.

366.     Deny the allegations in paragraph 366 of the Complaint.

367.     The allegations in paragraph 367 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 367 of the Complaint.

368.     Deny the allegations in paragraph 368 of the Complaint.

369.     The allegations in paragraph 369 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 369 of the Complaint.

<u>TWELFTH CLAIM FOR RELIEF</u>

370.    Defendants incorporate by reference the responses contained in paragraphs 1-369 of this Answer.

371.    The allegations in paragraph 371 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 371 of the Complaint.

372.    The allegations in paragraph 372 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 372 of the Complaint.

373.    Admit the allegations in paragraph 373 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, 40 C.F.R. § 372.85(a), as well as the administrative record, which speak for themselves and are the best evidence of their contents.

374.    Neither admit nor deny the allegations in paragraph 374 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

375.    Neither admit nor deny the allegations in paragraph 375 of the Complaint, and respectfully refer the Court to the document cited therein which speaks for itself and is the best evidence of its contents.

376.    Neither admit nor deny the allegations in paragraph 376 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

377.    Neither admit nor deny the allegations in paragraph 377 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

378.    Neither admit nor deny the allegations in paragraph 378 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

379.    Neither admit nor deny the allegations in paragraph 379 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

380.    Neither admit nor deny the allegations in paragraph 380 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

381.    Neither admit nor deny the allegations in paragraph 381 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents

382.    Neither admit nor deny the allegations in paragraph 382 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

383.    Neither admit nor deny the allegations in paragraph 383 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

384.    Neither admit nor deny the allegations in paragraph 384 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

385.    Neither admit nor deny the allegations in paragraph 385 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

386.    Deny the allegations in paragraph 386 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

387.    Deny the allegations in paragraph 387 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

388.    Neither admit nor deny the allegations in paragraph 388 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

389.    Neither admit nor deny the allegations in paragraph 389 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

390.    Neither admit nor deny the allegations in paragraph 390 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

391.    Neither admit nor deny the allegations in paragraph 391 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

392.    Deny the allegations in paragraph 392 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

393.    Deny the allegations in paragraph 393 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

394.    Neither admit nor deny the allegations in paragraph 394 of the Complaint, and respectfully refer the Court to the Proposed Rule, which speaks for itself and is the best evidence of its contents.

395.    Neither admit nor deny the allegations in paragraph 395 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

396.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

397.    Neither admit nor deny the allegations in paragraph 397 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

398.    Neither admit nor deny the allegations in paragraph 398 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

399.     Neither admit nor deny the allegations in paragraph 399 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

400.     Deny the allegations in paragraph 400 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

401.     Deny the allegations in paragraph 401 of the Complaint.

402.     Deny the allegations in paragraph 402 of the Complaint.

403.     The allegations in paragraph 403 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 403 of the Complaint.

404.     Deny the allegations in paragraph 404 of the Complaint.

405.     The allegations in paragraph 405 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 405 of the Complaint.

<u>THIRTEENTH CLAIM FOR RELIEF</u>

406.     Defendants incorporate by reference the responses contained in paragraphs 1-405 of this Answer.

407.     The allegations in paragraph 407 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 407 of the Complaint.

408.    Neither admit nor deny the allegations in paragraph 408 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

409.    Neither admit nor deny the allegations in paragraph 409 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

410.    Neither admit nor deny the allegations in paragraph 410 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

411.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 of the Complaint.

412.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412 of the Complaint.

413.    Neither admit nor deny the allegations in paragraph 413 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

414.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414 of the Complaint.

415.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415 of the Complaint.

416.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 of the Complaint.

417.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417 of the Complaint.

418.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418 of the Complaint.

419.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419 of the Complaint.

420.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 of the Complaint.

421.    Deny the allegations in paragraph 421 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

422.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 of the Complaint.

423.    Deny the allegations in paragraph 423 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

424.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424 of the Complaint, and respectfully refer the Court to the answers to paragraphs 408-423, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

425.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 425 of the Complaint, and respectfully refer the Court to the Final Rule,

71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

426.     Neither admit nor deny the allegations in paragraph 426 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

427.     Deny the allegations in paragraph 427of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

428.     Deny the allegations the allegations in paragraph 428 of the Complaint, and respectfully refer the Court to the PPA, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

429.     Deny the allegations in paragraph 429 of the Complaint.

430.     Deny the allegations in paragraph 430 of the Complaint.

431.     The allegations in paragraph 431 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 431 of the Complaint.

432.     Deny the allegations in paragraph 432 of the Complaint.

433.     The allegations in paragraph 433 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 433 of the Complaint.

<u>FOURTEENTH CLAIM FOR RELIEF</u>

434.     Defendants incorporate by reference the responses contained in paragraphs 1-433 of this Answer.

60

435.    The allegations in paragraph 435 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 435 of the Complaint.

436.    Neither admit nor deny the allegations in paragraph 436 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

437.    Neither admit nor deny the allegations in paragraph 437 of the Complaint, and respectfully refer the Court to the Proposed Rule which speaks for itself and is the best evidence of its contents.

438.    Neither admit nor deny the allegations in paragraph 438 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

439.    Neither admit nor deny the allegations in paragraph 439 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

440.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 440 of the Complaint.

441.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441 of the Complaint.

442.    Neither admit nor deny the allegations in paragraph 442 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

443.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443 of the Complaint.

444.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444 of the Complaint.

445.    The allegations in paragraph 445 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 445 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

446.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 446 of the Complaint.

447.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 of the Complaint.

448.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 448 of the Complaint.

449.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 449 of the Complaint.

450.    Deny the allegations in paragraph 450 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

451.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451 of the Complaint.

452.    Deny the allegations in paragraph 452 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

453.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453 of the Complaint, and respectfully refer the Court to the answers to paragraphs 436-416, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

454.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

455.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455 of the Complaint.

456.    Neither admit nor deny the allegations in paragraph 456 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

457.    Deny the allegations in paragraph 457 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

458.    Neither admit nor deny the allegations in paragraph 458 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

459.    Deny the allegations in paragraph 459 of the Complaint.

460.    Deny the allegations in paragraph 460 of the Complaint.

461.    The allegations in paragraph 461 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 461 of the Complaint.

462.    Deny the allegations in paragraph 462 of the Complaint.

463.    The allegations in paragraph 463 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 463 of the Complaint.

<u>FIFTEENTH CLAIM FOR RELIEF</u>

464.    Defendants incorporate by reference the responses contained in paragraphs 1-463 of this Answer.

465.    The allegations in paragraph 465 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 465 of the Complaint.

466.    Neither admit nor deny the allegations in paragraph 466 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

467.    Neither admit nor deny the allegations in paragraph 467 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

468.    Neither admit nor deny the allegations in paragraph 468 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

469.    The allegations in paragraph 469 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 469 of the Complaint.

470.    Deny the allegations in paragraph 470 of the Complaint.

471.    Deny the allegations in paragraph 471 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

472.    Deny the allegations in paragraph 472 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

473.    Deny the allegations in paragraph 473 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

474.    Deny the allegations in paragraph 474 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

475.    Deny the allegations in paragraph 475 of the Complaint.

476.    Neither admit nor deny the allegations in paragraph 476 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

477.    Deny the allegations in paragraph 477 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

478.    Neither admit nor deny the allegations in paragraph 478 of the Complaint, and respectfully refer the Court to the 2001 Lead Regulation, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

479.    Deny the allegations in paragraph 479 of the Complaint.

480.    Deny the allegations in paragraph 480 of the Complaint.

481.    Deny the allegations in paragraph 481 of the Complaint.

482.    The allegations in paragraph 482 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 482 of the Complaint.

483.    Deny the allegations in paragraph 483 of the Complaint.

484.    The allegations in paragraph 484 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 484 of the Complaint.

SIXTEENTH CLAIM FOR RELIEF

485.    Defendants incorporate by reference the responses contained in paragraphs 1-484 of this Answer.

486.    The allegations in paragraph 486 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 486 of the Complaint.

487.    Neither admit nor deny the allegations in paragraph 487 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

488.    Neither admit nor deny the allegations in paragraph 488 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

489.    Deny the allegations in paragraph 489 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

490.    Deny the allegations in paragraph 490 of the Complaint.

491.    Deny the allegations in paragraph 491 of the Complaint.

492.    The allegations in paragraph 492 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 492 of the Complaint.

493.    Deny the allegations in paragraph 493 of the Complaint.

494.    The allegations in paragraph 494 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 494 of the Complaint.

<u>SEVENTEENTH CLAIM FOR RELIEF</u>

495.    Defendants incorporate by reference the responses contained in paragraphs 1-494 of this Answer.

496.    The allegations in paragraph 496 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 496 of the Complaint.

497.    The allegations in paragraph 497 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in

paragraph 497 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

498.    Deny the allegations in paragraph 498 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents, except admit that some known or suspected carcinogens and 2,6-TDI are eligible for Form A usage under the Final Rule.

499.    Neither admit nor deny the allegations in paragraph 499 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

500.    Neither admit nor deny the allegations in paragraph 500 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

501.    The allegations in paragraph 501 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 501 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

502.    Neither admit nor deny the allegations in paragraph 502 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

503.    Deny the allegations in paragraph 503 of the Complaint.

504.    Deny the allegations in paragraph 504 of the Complaint.

505.    The allegations in paragraph 505 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 505 of the Complaint.

506.    Deny the allegations in paragraph 506 of the Complaint.

507.    The allegations in paragraph 507 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 507 of the Complaint.

EIGHTEENTH CLAIM FOR RELIEF

508.    Defendants incorporate by reference the responses contained in paragraphs 1-507 of this Answer.

509.    Neither admit nor deny the allegations in paragraph 509 of the Complaint, and respectfully refer the Court to the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

510.    Neither admit nor deny the allegations in paragraph 510 of the Complaint, and respectfully refer the Court EPCRA which speaks for itself and is the best evidence of its contents.

511.    The allegations in paragraph 511 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants neither admit nor deny the allegations in paragraph 511 of the Complaint and respectfully refer the Court to EPCRA which speaks for itself and is the best evidence of its contents.

512.    Deny the allegations in paragraph 512 of the Complaint.

513.    The allegations in paragraph 513 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 513 of the Complaint.

514.    Neither admit nor deny the allegations contained in paragraph 514 of the Complaint, which contain plaintiffs' characterization of the TRI program, and respectfully refer the Court to EPCRA, the PPA, and  40 C.F.R. Part 372 which speak for themselves and are the best evidence of their contents.

515.    Deny the allegations in paragraph 515 of the Complaint.

516.    Deny the allegations in paragraph 516 of the Complaint.

517.    Deny the allegations in paragraph 517 of the Complaint.

518.    Deny the allegations in paragraph 518 of the Complaint.

519.    The allegations in paragraph 519 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 519 of the Complaint.

<u>NINETEENTH CLAIM FOR RELIEF</u>

520.    Defendants incorporate by reference the responses contained in paragraphs 1-519 of this Answer.

521.    Neither admit nor deny the allegations in paragraph 521 of the Complaint, and respectfully refer the Court to the statutory section cited therein which speaks for itself and is the best evidence of its contents.

522.    Neither admit nor deny the allegations in paragraph 522 of the Complaint, and respectfully refer the Court to the Legislative History cited therein which speaks for itself and is the best evidence of its contents.

523.    Neither admit nor deny the allegations in paragraph 523 of the Complaint, and respectfully refer the Court to the Proposed Rule, the Final Rule, 71 Fed. Reg. 76932, as well as the administrative record, which speak for themselves and are the best evidence of their contents.

524.    The allegations in paragraph 524 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 524 of the Complaint.

525.    Deny the allegations in paragraph 525 of the Complaint.

526.    Deny the allegations in paragraph 526 of the Complaint.

527.    Deny the allegations in paragraph 527 of the Complaint.

528.    The allegations in paragraph 528 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, defendants deny the allegations in paragraph 528 of the Complaint.

<u>PRAYER FOR RELIEF</u>

The remaining allegations in the complaint constitute plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, defendants deny that plaintiffs are entitled to any relief.

WHEREFORE, defendants demand judgment dismissing the Complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.

Dated:  New York, New York
        June 20, 2008

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Defendants


                    By:     __/s/_____
                              SARAH E. LIGHT
                              Assistant United States Attorney
                              86 Chamber Street, 3rd Floor
                              New York, New York 10004
                              Telephone:  (212) 637-2774
                              Facsimile:  (212) 637-2686
                              Email: sarah.light@usdoj.gov